Theresa Accardi v. Commissioner.
Accardi v. Commissioner
Docket No. 60921.
United States Tax Court
T.C. Memo 1958-90; 1958 Tax Ct. Memo LEXIS 138; 17 T.C.M. (CCH) 445; T.C.M. (RIA) 58090; May 21, 1958
*138 William F. Fallon, Esq., for the respondent. FORRESTER
Memorandum Opinion FORRESTER, Judge: This proceeding involves a deficiency in income tax of $83,218.36, addition thereto for fraud of $41,773.96, and addition under section 294(d)(2) of the Internal Revenue Code of 1939 in the amount of $5,013.39, all for the taxable year 1948. Petitioner filed her separate tax return for 1948 with the then collector of internal revenue for the fifth district of New Jersey, at Newark, New Jersey, the reported income consisting principally of rents. When this proceeding came on for hearing on the calendar at New York, New York, on October 21, 1957, petitioner failed to enter an appearance. In his opening statement counsel for respondent informed the Court that respondent, in order to protect the Government's revenue, had determined a deficiency against petitioner in the total amount of the unreported income of both petitioner and her husband, Settino Accardi (hereinafter referred to as Settino), and had also determined a deficiency against Settino in such total amount. In addition respondent had also asserted transferee liability against petitioner as the transferee of her husband *139 for income taxes due from him for the taxable year 1948. It was explained that all the assets which could be found were in the name of petitioner. Because respondent's determinations involved an obvious duplication of assessments, counsel for respondent conceded error in the transferee proceeding and requested that the Court find that there was no transferee liability due from petitioner as transferee of her husband for income taxes due from him for the year 1948. Respondent's motion was granted. Respondent then moved for judgment in respect of the income tax deficiency and the section 294(d)(2) addition to tax. This motion was also granted. The case then proceeded to hearing on the question of the imposition of an addition to the tax growing out of the charge that a part or all of the deficiency for 1948 was due to fraud with intent to evade tax. The question of fraud is a factual one. In support of his assertion of fraud, respondent introduced petitioner's separate tax return for 1948, evidence of petitioner's net worth as at January 1, 1948, and as at December 31, 1948, evidence of petitioner's personal expenditures during 1948, a modicum of testimony as to two possible sources *140 of the alleged unreported income, and evidence of a Memorandum Opinion of this Court filed May 10, 1957 [16 TCM 311, T.C. Memo. 1957-73], finding fraud in respect to petitioner's joint returns for the years 1949, 1950, and 1951. In reviewing respondent's evidence, we have concluded that respondent has failed to present a prima facie case for a finding of fraud. Much of the testimony of his revenue agent is thin and couched in terms of conclusion. This is especially true in regard to testimony concerning the adequacy of petitioner's books and records and the existence of a likely source for the alleged unreported income. From our examination of petitioner's 1948 income tax return, we believe that petitioner's rental data has been set out in sufficient detail to permit respondent to cross-check the accuracy of the amounts reported. If petitioner's rental activities did in actuality provide a source of unreported income this fact should have been ascertainable from evidence independent of the net worth statement. We have likewise discerned several other particulars in which respondent's evidence lacks in probity. There is a failure to associate specific assets with *141 the closing net worth date in several instances. There is also a failure to indicate petitioner's standard of living with sufficient specificity as to permit us to make a reasonable estimate of the reliability of the amount set out by respondent. Especially damaging to respondent's case, however, is his presentation of an admitted joint net worth statement to prove a deficiency in respect of petitioner's separate tax liability. Counsel for respondent explained that "it was most difficult for the agent to ascertain who was deriving the taxable income which was determined." To provide a semblance of fairness the amount of Settino's adjusted gross income as reported by him was subtracted in computing the amount of unreported income attributed to petitioner. While we can sympathize with respondent's dilemma in determining to whom the unreported income should be attributed, we nevertheless cannot condone his solution to the problem. The net worth theory of proof is fraught with enough dangers without adding another. Thus, the mere fact that Settino reported X amount of income in his separate income tax return for 1948 is no guarantee that the remaining amount of unreported income is attributable *142 to petitioner. In order for such a syllogism to equate itself it is necessary to assume that Settino's return was correct. We cannot indulge this assumption and consequently respondent's computation of petitioner's income based thereon must be rejected. Inasmuch as there was no additional evidence of fraud offered by respondent, we hold that respondent has failed to prove fraud by clear and convincing evidence. Decision will be entered under Rule 50.